UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
GINA M. ALONGI, AS SHE IS ADMINISTRATOR,   )
INTERNATIONAL UNION OF OPERATING           )
ENGINEERS  LOCAL 4 PENSION FUND,           )
                        Plaintiff,         )
                                           )
              v.                           )
                                           )    Civil Action No.
DUANE EQUIPMENT CORPORATION,               )
                        Defendant.         )
                                           )
```

## VERIFIED COMPLAINT

Plaintiff, Gina M. Alongi, as she is Administrator, International Union of Operating Engineers Local 4 Pension Fund (the "Fund"), avers as follows:

### Introduction

1. This claim is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S. C. § § 1001 *et seq.* (1982).  Plaintiff seeks a judgment awarding withdrawal liability, interest, liquidated damages, attorneys' fees, and costs incurred by the Fund as a result of the defendant's withdrawal from the Fund, a multiemployer pension plan.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. § § 1132(e), 1132(f), and 1451(c).  Venue lies in this Court under Sections 501(e)(2) and 4301(d) of ERISA, 29 U.S.C. § § 1132(e)(2) and 1451(d).

**Parties and Background**

3.       Plaintiff, Gina M. Alongi is the Administrator of the Fund, which is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).  The Fund is administered at 16 Trotter Drive, Medway, Massachusetts 02053.

4.       Pursuant to Sections 502(a)(3), 4221(b)(1), and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1401(b)(1), and 1451(a)(1), Plaintiff is authorized to bring this action on behalf of the Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

5.       At all times pertinent to this action, Defendant Duane Equipment Corporation ("Duane") has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce, within the meaning of Sections 3(11) and (12) of ERISA 29 U.S.C. §§ 1002 (11) and (12).  Duane is a New Hampshire corporation with a principal place of business at 51 Park St., Dorchester, MA 02122.

**Facts**

6.       Until its withdrawal from the Fund, Duane employed employees represented for the purposes of collective bargaining by International Union of Operating Engineers Local 4 ("Local Union") a labor organization representing employees in an industry affecting interstate commerce.

7.       At all times pertinent to this action, Duane was signatory to and bound by two separate collective bargaining agreements ("CBAs") with Local Union, under which it was required to make contributions to the Fund on behalf of its employees who were

covered by the CBAs.  One CBA is referred to hereinafter as the Shop Agreement, the other CBA is referred to as the Master Agreement.  The Shop Agreement covered work by employees working in the company shop; the Master Agreement covered work by employees working on construction sites.

8. The CBAs obligated Duane to abide by the terms and conditions of the Agreement and Declaration of Trust ("Trust Agreement") establishing the Fund, including all amendments thereto, and to submit monthly reports and payment to the Fund.

9. The Fund determined that in 2013 Duane effected a "complete withdrawal" from the Fund as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.  It effected a complete withdrawal by terminating its Shop Agreement and by ceasing to make contributions under the Master Agreement.

10. More than 15% of Duane's work in 2013 was non-construction work.  In addition, more than 15% of Duane's work in the eight-year period ending in 2013 was non-construction work.  As a result, Duane is not considered a "construction industry employer" under ERISA's withdrawal liability provisions.

11. The Fund determined that as a result of this complete withdrawal, Duane incurred withdrawal liability to the Fund in the amount of $172,406.00, as determined under Section 4201(b) of ERISA, 29 U.S.C. §1381(b).

12. On or about March 18, 2016, Duane received a Notice and Demand for payment of withdrawal liability issued by the Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

13. This Notice and Demand for payment informed Defendant that its withdrawal liability was $172,406.00, which could be satisfied either by a lump sum payment or over 12 quarterly installments of $17,157.76 and a final single payment of $15,200.10. The Notice and Demand stated the first quarterly payment was due on May 14, 2016. A copy of this Notice dated March 15, 2016 is attached as Exhibit A and incorporated by reference herein.

14. Duane has not paid to the Fund any amounts due under Duane's withdrawal liability payment schedule.

15. Duane has not initiated arbitration of the withdrawal liability assessment within the time period specified in Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1) and is now precluded from doing so.

16. Because Duane did not initiate an arbitration proceeding, under Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), the amounts set forth in the Fund's Notice and Demand are due and owing and Duane may not now contest that it owes the amount set forth in the Notice and Demand, pursuant to Section 4221(b)(1), 29 U.S.C. § 1401(b)(1).

### Count I – Failure to Make Required Withdrawal Liability Payments Under ERISA

17. The Fund hereby incorporates by reference paragraphs 1 through 16 above.

18. Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

19. By failing to timely make payments due under its withdrawal liability payment schedule, Duane has violated Section 515 of ERISA, 29 U.S.C. § 1145 and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for withdrawal liability in the amount of $51,473.28 to date; interest on the delinquent withdrawal liability principal, liquidated damages equal to the greater of the amount of interest or twenty percent (20%) of the delinquent withdrawal liability, and reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff requests the following relief:

a. Judgment against Defendant, and in favor of Plaintiff, pursuant to Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), for $51,473.28 in withdrawal liability; interest on the delinquent withdrawal liability principal, and liquidated damages in the amount of interest or twenty percent (20%) of delinquent withdrawal liability principal and attorney's fees and costs; and

b. Judgment against Defendant , and in favor of Plaintiff, for all amounts that fall due during the pendency of this action, pursuant to Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), for $51,473.28.

c. Such other and further relief as this Court deems just and proper.

Gina M. Alongi, as she is Administrator, International Union of Operating Engineers Local 4 Pension Fund

/s/ Kathryn S. Shea
Kathryn S. Shea, BBO No. 547166
Jasper Groner, BBO No. 682403
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, Massachusetts 02109
(617) 603-1417
Kshea@segalroitman.com

## VERIFICATION

I, Gina M. Alongi, Administrator for the International Union of Operating Engineers Local 4 Trust Funds, verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12 DAY OF OCTOBER, 2016.

Gina M. Alongi